David Abrams, Attorney at Law (NY 3051604)
PO Box 3353 Church Street Station
New York, NY 10008
212-897-5821 dnabrams@gmail.com
Pro Hac Vice Application Pending

**FILED**

FEB 1 3 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

United States District Court
Eastern District of Tennessee

| | |
|---|---|
| United States of America ex rel. GNGH2 Inc., <br>     Plaintiff-Relator, <br><br> - against - <br><br> KOIDE TENNESSEE INC., <br><br>     Defendant. | **TO BE FILED UNDER SEAL** <br><br> No. 3:24-cv-335-KAC-DCP <br><br> **Complaint Under the False Claims Act (Amended)** |

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

## I. Nature of the Case

1. This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth in more detail below, second-round PPP funding is barred to entities which are owned by concerns with significant operations in the People's Republic of China and to entities which exceed size standards.

## II. Parties

2. Defendant KOIDE TENNESSEE INC ("Defendant") is a Tennessee business corporation with a principal place of business in **Blount County, Tennessee.**

3. The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in **Bergen County, New Jersey.**

## III Compliance with Requirements of Suit

4. This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV. Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, the Defendant's principal office is located in **Rockford, Tennessee.**

## V. Background

7. Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11. The CARES Act was subsequently amended to provide for a second round of disaster funding. Significantly, an applicant is ineligible for such funding if is owned by a concern with significant operations in the People's Republic of China or if, when combined with its affiliates, it exceeds applicable size standards, i.e. if combined with its affiliates it has more than 300 employees.

[continued on next page]

12. The Defendant in this matter is firm which manufactures tubing for the automotive industry. It received second draw PPP disaster relief as follows:

| Date | Amount | Loan # | Forgiven |
|---|---|---|---|
| 3/17/2021 | $1,155,937 | 3488548605 | 8/1/2022 |

13. Thus, on or about March 17, 2021, Defendant completed Form 2483-SD which required it to certify as follows:

> The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China

14. This certification was false when made as set forth below.

15. At all times relevant to this matter, the Defendant was a subsidiary of an entity known as Koide Kokan which has significant operations in China. Additionally, the Defendant and its affiliates did not conform to the SBA's applicable size standards in contradiction to another certification.

15a. More specifically, when the employee count of the Defendant is combined with that of its parent, Koide Kokan, the total was well in excess of 300 at all relevant times.

15b.    This violated a certification on the application form which required that the applicant certify that, if combined with its affiliates, it had no more than 300 employees.

16.    Moreover, the foregoing information is available on the websites of the Defendant and/or its corporate parent.

17.    Thus, Defendant's authorized representative must have been either aware of this information or reckless in regards to same.

18.    Thus, Defendant made a fraudulent representation when it completed form 2483-SD and certified eligibility in respect of the above matters.

19.    As a result of these statements, the Defendant received (and the United States paid) substantial funds to which it would not otherwise have been entitled.

## VI.    (Count I) Violation of the False Claims Act

20.    The False Claims Act imposes liability on a person or entity who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

21.    The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

22. Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII. Relief Sought

23. On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

24. The United States paid some $1,171,676.74 in principal and interest in respect of the above loan.

25. Additionally, the United States paid $34,678.11 in processing fees in respect of the above loan.

**[continued on next page]**

26. Accordingly, Relator seeks judgment in the amount of $3,619,064.55 against the Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_David Abrams_

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.
PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax 212-897-5811

Dated: February 11, 2025